1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JESSICA S. PLINER, SB# 261976
2    E-Mail: Jessica.Pliner@lewisbrisbois.com
   MANA ETTEFAGH, SB# 304381
3    E-Mail: Mana.Ettefagh@lewisbrisbois.com
   2185 North California Boulevard, Suite 300
4  Walnut Creek, California 94596
   Telephone: 925.357.3456
5  Facsimile: 925.478.3260

6  Attorneys for Defendant
   SECURITAS SECURITY SERVICES USA,
7  INC.

8                           UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY WILLIAMS, an individual, | Case No. |
| Plaintiff, | **DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)** |
| vs. | |
| SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | |
| Defendant. | |

   **TO THE HONORABLE COURT, PLAINTIFF HEREIN, AND HER ATTORNEYS OF RECORD, IF ANY**

   **PLEASE TAKE NOTICE** that on April 17, 2023, Defendant SECURITAS SECURITY SERVICES USA, INC. ("Defendant"), by and through its counsel, files this Notice pursuant to 28 U.S.C. §§ 1332(a), 1441(b) (diversity of state citizenship), 28 U.S.C. §§ 1441(c) and 1446(b)(3), and Fed. R. Civ. P. 81(c) with the Clerk of the Court for the United States District Court, Northern District, and the supporting pleadings to accomplish the removal of this action pending in the Superior Court of the State of California in and for the County of San Francisco, entitled *Ashley Williams v. Securitas,* San Francisco Superior Court Case No. CGC-23-605042, commenced on

March 7, 2023, on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and Defendant Securitas Security Services USA. Inc. may remove this action to this Court in accordance with 28 U.S.C. § 1441(a), because this is an action between citizens of different states, and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. (28 U.S.C. §§ 1332, 1441(a), and 1446(b)).

Further, the Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331, because it arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. (28 U.S.C. §§1331, 1441 and 1446.)

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391, and 1446.

## II. STATUS OF THE PLEADINGS

3. On March 7, 2023, Plaintiff ASHLEY WILLIAMS ("Plaintiff"), filed a civil action in the Superior Court of California for the County of San Francisco, entitled *Ashley Williams v. Securitas,* San Francisco Superior Court Case No. CGC-23-605042.

4. On February 3, 2022, Plaintiff served copies of her Complaint and Summons. True and correct copies of the Summons and Complaint are attached as **Exhibit D.**

5. Defendant filed this Notice of Removal within the thirty (30)-day time limit for removal set forth in 28 U.S.C. § 1446(b)(3).

6. Plaintiff's Complaint arises out of events related to Plaintiff's employment. Plaintiff, is a resident and citizen of the State of California, and she asserts the following claims against Defendant: failure to provide meal breaks, failure to provide rest breaks, failure to pay wages, failure to pay overtime, failure to provide accurate itemized wage statements, violation of California Business & Professions code section 17200-17208, retaliation, failure to prevent retaliation, discrimination and/or harassment, sexual harassment, and wrongful termination in violation of public policy. (See **Exhibit D.**)

93282739.1

2

**DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

## III. REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP

8. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1332(a) and 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Plaintiff and Defendants Are Not Citizens of the Same State, the First Basis for Diversity Jurisdiction

9. Plaintiff was at all times relevant to the issues in the Complaint, a resident and a citizen of the State of California. (Ex. D, ¶ 1.)

11. Defendant is a Delaware corporation with a principal place of business in Parsippany, New Jersey. While the Plaintiff's Complaint is silent as to the principal place of business of the Defendant, such silence does not defeat diversity jurisdiction. This Court may take judicial notice that a search of the California Secretary of State's website indicates that Defendant Securitas Security Services USA, Inc. has its principal place of business in Parsippany, New Jersey. *See* Fed. R. Evid. 201 (2019). Attached to the Declaration of Jessica Stuart Pliner as **Exhibit E** is a true and correct copy of the California Secretary of State's Entity Detail for Defendant demonstrating that Defendant is a Delaware corporation. Also to the Declaration of Jessica Stuart Pliner as **Exhibit F** is a copy of Defendant's 2021 Statement of Information, filed with the California Secretary of State demonstrating that Defendant's principal place of business is in Parsippany, New Jersey.

12. Defendant is a citizen of the States of Delaware and New Jersey for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

13. Plaintiff is a citizen of the State of California. Consequently, Plaintiff and Defendant are not citizens of the same state and removal based on diversity of citizenship/residency is proper.

14. At Defendant's corporate headquarters in New Jersey, high level officers direct, control, and coordinate its activities. Neither California, nor any other state in which Defendant operates, contains a substantial predominance of the company's operations.

15. For purposes of determining diversity jurisdiction, "a corporation shall be deemed

93282739.1

3

**DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

to be a citizen of every State...by which it has been incorporated and of the State...where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While a corporation's state of incorporation can be determined with ease, its principal place of business often proves elusive. To simplify the jurisdictional inquiry, the Supreme Court has defined "principal place of business" to mean "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, (2010). This "nerve center" is "typically...found at a corporation's headquarters." *Id*. at 81. *3123 SMB, LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

### B. The Amount in Controversy Exceeds $75,000, the Second Basis for Diversity Jurisdiction

16. Defendant disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Defendant can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

17. Pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1332, this case meets the elements of diversity jurisdiction if it is a civil action between citizens of different states/countries and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Where it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.,* 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted); *Sanchez v. Monumental Life Ins. Co*., 95 F.3d 856, 862 (9th Cir. 1996).

18. In her Complaint, Plaintiff seeks damages specifically for:

Loss of past and future earnings, unpaid overtime compensation, meal and rest period premiums and other employment benefits;

General damages for her alleged emotional distress;

Special damages;

Punitive damages;

Labor Code section 203 penalties,

Injunctive relief (that defendant be ordered to make restitution and to cease and desist the alleged unfair competition);

Attorneys' fees.

(See Exhibit D, Complaint, pages 26-27).

19. In assessing, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Campbell v. Vitran Express, Inc*. 471 F.App'x 646, 648 (9th Cir. 2012); quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.Cal. 2002)—meaning the court must take his allegations that she suffered all of the damages and relief sought as true and that a jury will return a verdict awarding all of the other damages she seeks. Here, without even knowing how much Plaintiff seeks in lost wages and work benefits and emotional distress, Defendant can establish by the preponderance of evidence that the allegations of damages in the Complaint alone exceed $75,000. *See, White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 674 ("facially apparent" from wrongful termination allegations showing "lengthy list of compensatory and punitive damages").

20. As set forth in the attached declaration of Jessica Stuart Pliner, and Exhibit C, attached thereto, damages have been awarded in employment discrimination cases with similar allegations in amounts of $215,000 (*Faranak Atrzadeh v. DAKO Corp*; 2002 Jury Verdicts LEXIS 55251) ("*Atrzadeh*"); $156,057 (*Cinthya Lara v. Covenant Aviation Security LLC and Raylene Maldonado*; 2014 Jury Verdicts LEXIS 13942) ("*Lara*"); $116,000 (*Erma J. Alaniz v. Robert M. Peppercorn M.D. Inc., et al*; 2008 Mealey's CA Jury Verdicts & Settlements 253) ("*Alaniz*"); $152,500 (*Diane Forcone v. Sunset Industrial Parts, Tim Mullenix and W. Steele Covington*; 2009 Jury Verdicts LEXIS 422330) ("*Forcone*").

22. In *Atrzadeh*, the Plaintiff alleged that she was sexually harassed by a supervisor and was awarded $215,000. In *Lara*, the plaintiff claimed race discrimination, gender discrimination, and retaliation and was awarded $156,057. In *Alaniz*, the plaintiff alleged retaliation and was

1  awarded $116,000. In *Forcone*, the jury found that the employer was liable for negligent
2  supervision, sexual harassment, retaliation, wrongful termination and failure to take all necessary
3  steps to prevent sexual harassment from recurring and awarded the plaintiff $152,500.

4     23.     In her Complaint, Plaintiff seeks injunctive relief Injunctive relief (that defendant be
5  ordered to make restitution and to cease and desist the alleged unfair competition)" Complaint, p.
6  26, Ex. D. The costs to comply with injunctive relief are considered in assessing the amount in
7  controversy. Directly in line with this reasoning is *Gonzales v. CarMax Auto Superstores, LLC*,
8  840 F.3d 644 (9th Cir. 2016), a case in which the plaintiff sued a used car dealer for violation of
9  the Song-Beverly Act and other state law claims. Defendant removed based on diversity, and the
10 plaintiff challenged the removal, arguing that the amount-in-controversy requirement was not
11 satisfied. The Ninth Circuit disagreed and held the following:

> To establish original jurisdiction based on diversity of parties, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). We have defined the amount in controversy as the "amount at stake in the underlying litigation," [citation]; this includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. [Citation]. This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.[Citation].
>
> In this case, **when the potential cost of complying with injunctive relief is considered** along with Gonzales's claims for compensatory damages and punitive damages, the district court did not err in finding that the jurisdictional amount-in-controversy requirement was satisfied.

*Gonzales*, *supra*, at 648-649. (Emphasis added.)

     24.     Based upon damages alleged in the Complaint and the potential cost of complying with injunctive relief, the preponderance of the evidence establishes the amount in controversy exceeds $75,000. See *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (removal proper where defendant "can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount").

     25.     This removal notice is filed in the United States District Court for the Northern District of California because the *Williams* action is pending in state court in the County of San Francisco, within this Court's jurisdiction.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

26. Defendant has sought no similar relief with respect to this matter.

### III. REMOVAL IS ALSO PROPER BASED UPON FEDERAL QUESTION

27. Additionally, or alternatively, the Court has now, and has had at all times since the Complaint was served, original jurisdiction of this action under 28 U.S.C. § 1331, because Plaintiff invokes federal question jurisdiction by claiming that Defendant violated the California Labor Code sections which pertain to breaks, wages, earning statements and she further claims the basis of her alleged wrongful termination pertains to protesting compensation issues and claims she was deprived of benefits and her schedule impacted. (See Ex. D, Compl. ¶¶ 16, 27-28, 31-64, 86, 106-107 ).

28. Plaintiff's employment with Defendant was at all relevant times in the Complaint governed by a Collective Bargaining Agreement between the Service Employees International Union, United Service Workers West (the "Union"), Defendant. (See Declaration of Jessica Stuart Pliner ("Pliner Decl."), Ex. G).

29. This Collective Bargaining Agreement governed the terms of Plaintiff's employment with Defendant from the beginning of her employment through June 30, 2021. (See Pliner Decl. Ex. G). Scheduling is covered by Articles 10 and 11. (Id.) Wages are governed by Articles 12 and 13. (Id.) Meal and Rest Periods are governed by Article 13. (Id.) Benefits are governed by Article 19. (Id.) Earning statements are governed by Article 21. (Id.)

30. Federal courts have jurisdiction over claims under the LMRA for breaches of collective bargaining agreements. LMRA § 301, codified at 29 U.S.C. § 185 ("Section 301"); see, e.g., *K.V. Mart Co. v. UFCW Local 324*, 173 F.3d 1221, 1223-1225 (9th Cir. 1999). Section 301 provides that: "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000); see also *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988) ("Section 301 . . . creates a federal cause of action for breach of collective bargaining agreements"). In short, all of Plaintiff's claims that involve alleged rights violations where the rights are set forth in the collective bargaining agreement are

subject to federal jurisdiction. *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1992) (Section 301 preempts claims "founded directly on rights created by collective bargaining agreements"). In other words, any state claim may be removed if the court must interpret the parties' collective bargaining agreement to resolve the dispute between a plaintiff and defendant with regards to a plaintiff's causes of action. *Metropolitan Life, Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542 (1987); *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988) ("The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement.").

31. Here, Plaintiff claims Defendant violated her rights under California labor laws. However, the Collective Bargaining Agreement expressly provides:

> The Union and the Employer intend that the grievance and arbitration provisions in the Collective Bargaining Agreement shall be the exclusive method of resolving all disputes between the Employer and the Union and the employees covered by this Agreement unless otherwise set forth or required under applicable law. The grievance and arbitration provisions shall also cover "Wage and Hour Claims or Disputes," which shall include all state and federal statutory claims for alleged unpaid wages, claims relating to uniform maintenance, training time, rest periods, meal periods, recovery periods, overtime pay, vacation pay, expense reimbursement, penalties (including claims brought under Labor Code sections 2698-2699.5 (PAGA)), and all other wage and hour related matters, expressly including claims arising under the Fair Labor Standards Act, California Labor Code Sections 201, 203, 204, 226, 226.7, 227.2, 510-512, 551-558, and 1194, and/or Employer obligations under any applicable California Wage Orders that could have been brought in state or federal court.

(Pliner Dec. Ex. G, Article 25.9).

32. Determining whether the provisions in the Collective Bargaining Agreement apply and are enforceable as to Plaintiff's claims will necessitate an evaluation and interpretation of the terms of the Collective Bargaining Agreement. Section 301 preemption applies even where an interpretation of the Collective Bargaining Agreement is required to evaluate only the employer's defenses to a state law cause of action. See *Audette v. International Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (civil rights claim preempted where interpretation of agreement was required in evaluating employer's defense that it had a legitimate



1  non-business reason for its actions.)  Here, any defenses Defendant pleads will necessarily require
2  an interpretation of the Collective Bargaining Agreement.

3      33.  Finally, under the artful pleading doctrine, Plaintiff may not avoid federal
4  jurisdiction simply by pleading her claims under the labor code. See *Olguin v. Inspiration Consol.*
5  *Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("[E]mployees frequently attempt to avoid
6  federal law by basing their complaint on state law, disclaiming any reliance on the provision of the
7  collective bargaining agreement . . . In such cases, the 'artful pleading' doctrine requires that the
8  state law complaint be re-characterized as one arising under the collective bargaining agreement.
9  The case may then be removed to federal court and adjudicated under the appropriate federal
10 law".)

11 **WHEREFORE,** Defendant respectfully prays that this Notice of Removal be deemed
12 good and sufficient, and that Case No. CGC-23-605042 be removed from the Superior Court of
13 California, County of San Francisco, to the docket of this honorable Court, the District Court of
14 the United States, for the Northern District of California. Defendant has filed the Notice of
15 Removal of this action from the San Francisco County Superior Court, in which it is now pending;
16 a copy of this Notice has been served upon Plaintiff.

18 DATED:  April 17, 2023        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

20 By:    /s/ Jessica S. Pliner
      JESSICA S. PLINER
      MANA ETTEFAGH
      Attorneys for Defendant SECURITAS
      SECURITY SERVICES USA, INC.



93282739.1        9
**DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

**CERTIFICATE OF SERVICE**
*Ashley Williams v. Securitas Security Services USA, Inc., et al.*
USDC-ND, San Francisco Division, Case No. _____

STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

At the time of service, I was over 18 years of age and not a party to this action. My business address is 2185 North California Boulevard, Suite 300, Walnut Creek, CA 94596.

On April 17, 2023, I served true copies of the following document(s): **DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Rick Martin, Esq.<br>Ji-Su Park, Esq.<br>ANGEL CITY LAW PC<br>645 W. 9th Street, Ste. 110-259<br>Los Angeles, California 90015 | Attorney for Plaintiff<br>ASHLEY WILLIAMS<br><br>Tel: (323) 364-8835<br>Fax: (323) 967-2425<br><br>Emails: rick@angelcitylaw.com<br>ji-su@angelcitylaw.com |

The documents were served by the following means:

☒ **(BY CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically eFiled the document with the Clerk of the Court using the CM/ECF system.

☒ **(BY ELECTRONIC TRANSMISSION ONLY) Pursuant to Agreement of counsel.** No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: April 17, 2023          */s/ Nicole Tavis*
                                Nicole Tavis