# EXHIBIT D

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation; and DOES 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ASHLEY WILLIAMS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of California, San Francisco<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER: *(Número del Caso):*<br>**CGC-23-605042** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Rick Martin, Esq. (SBN 320403), Angel City Law PC. 645 W. 9th Street, #110-259, Los Angeles, CA 90015 Phone No. (323) 364-8835

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | **JEFFREY FLORES** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario  Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  SECURITAS SECURITY SERVICES USA, INC., a Delaware corporation
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

1  Rick Martin, Esq. (SBN 320403)
   Ji-Su Park, Esq. (SBN 343008)
2  rick@angelcitylaw.com
   ji-su@angelcitylaw.com
3  **ANGEL CITY LAW PC**
4  645 W. 9th Street, Ste. 110-259
   Los Angeles, California 90015
5  Telephone: (323) 364-8835
   Facsimile: (323) 967-2425
6
7  *Attorneys for Plaintiff*
   ASHLEY WILLIAMS
8

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/07/2023**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

9  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**    **CGC-23-605042**

10  **FOR THE COUNTY OF SAN FRANCISCO**

11                                          Case No.:

12  **ASHLEY WILLIAMS**, an individual,    **COMPLAINT FOR DAMAGES FOR:**

13            Plaintiff,                    1.  FAILURE TO PROVIDE MEAL BREAKS;
                                            2.  FAILURE TO PROVIDE REST BREAKS;
14  v.                                      3.  FAILURE TO PAY WAGES;
                                            4.  FAILURE TO PAY OVERTIME;
15  **SECURITAS SECURITY SERVICES**         5.  FAILURE TO PROVIDE ACCURATE
    **USA, INC.**, a Delaware corporation; and    ITEMIZED WAGE STATEMENTS;
16  **DOES 1 through 50, inclusive**,       6.  VIOLATION OF BUSINESS &
                                                PROFESSIONS CODE §§ 17200-17208;
17            **Defendants**.               7.  SEXUAL HARASSMENT IN VIOLATION
                                                OF THE FAIR EMPLOYMENT AND
18                                              HOUSING ACT;
                                            8.  RETALIATION IN THE VIOLATION OF
19                                              THE FAIR EMPLOYMENT AND
                                                HOUSING ACT;
20                                          9.  FAILURE TO PREVENT RETALIATION,
                                                DISCRIMINATION, AND/OR
21                                              HARASSMENT IN VIOLATION OF THE
                                                FAIR EMPLOYMENT AND HOUSING
22                                              ACT
                                            10. WRONGFUL TERMINATION IN
23                                              VIOLATION OF PUBLIC POLICY
24
                                            **DEMAND FOR JURY TRIAL**
25
26  ///
27  ///
28

-1-
**COMPLAINT FOR DAMAGES**

Plaintiff, ASHLEY WILLIAMS (hereinafter referred to as "Plaintiff"), hereby complains and alleges as follows:

## THE PARTIES

1. At all relevant times, Plaintiff ASHLEY WILLIAMS (hereinafter referred to as "Ms. Williams" or "Plaintiff") was and is an individual who resides in the State of California.

2. Plaintiff is informed, believes, and thereon alleges that Defendant SECURITAS SECURITY SERVICES USA, INC. (hereinafter referred to as "SECURITAS"), at all times mentioned herein was and is a Delaware corporation doing business at 350 Bush Street, San Francisco, CA 94104.

3. Plaintiff is informed, believes, and thereon alleges that the harasser Sidney Johnson (hereinafter referred to as "Sidney") is an individual and, upon information and belief, resides in the State of California, County of San Francisco.

4. The true names and capacities of the Defendant(s) named herein as DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues said Defendant(s) by such fictitious names. Plaintiff will amend this Complaint to add their true names and capacities when the same have been ascertained.

5. Plaintiff is informed and believes and thereon alleges, that each DOE named herein is an employee, agent, partner, employer, predecessor, successor, assign, attorney, associate, joint venturer, and/or co-conspirator of the named Defendant(s) and at all times herein mentioned was acting within such agency, association, partnership, venture, employment relationship, and/or conspiracy and that any reference to "defendant" or "Defendant" or "Defendants" shall mean "Defendants and each of them."

6. Plaintiff is informed and believes and thereon alleges, that each of such fictitiously named Defendant(s) are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such Defendant(s).

///

///

## GENERAL ALLEGATIONS

7. From in or around September 2018, up to and including the present, Plaintiff has been an employee of Defendant. Upon being hired, Plaintiff performed her job duties and/or responsibilities as a full-time Security Guard satisfactorily at all relevant times during her employment with Defendant.

8. Throughout her employment with Defendant, Plaintiff was a victim of numerous instances of sexual harassment and retaliation in violation of the California Fair Employment and Housing Act (hereinafter referred to as the "FEHA"). Specifically, Plaintiff asserts she was the victim of severe, pervasive, and unwelcomed instances of sexually harassing conduct perpetrated by her supervisor, Mr. Sidney Johnson (hereinafter referred to as "Sidney"), during the course and scope of Plaintiff's employment.

9. Plaintiff asserts that on several occasions, Sidney told Plaintiff that he had "dreams about her" and that "if [they] would wake up in bed together, then that would be [their] business."

10. Further, Plaintiff asserts that during training sessions, Sidney told Plaintiff that he "had always wanted a romantic relationship with her" but that he "did not know how to go about [initiating] it."

11. On each occasion, Plaintiff verbally rebuked his advances, specifically letting him know that she was not interested and felt uncomfortable with his advances especially since his harassment was occurring at work and he was her direct supervisor.

12. When Sidney refused to stop his harassing conduct, Plaintiff made a concerted effort not to be present in the same physical space with Sidney in order to minimize any contact with Sidney for her safety. However, despite all of Plaintiff's efforts to avoid any contact with him, Sidney devised excuses to come up with a reason to appear at Plaintiff's appointed post. Plaintiff states that although she did her best to avoid having any contact with Sidney, Sidney often arrived unexpectedly at Plaintiff's post without any reason, just to harass her.

13. In addition to his sexually charged comments, Sidney also used his position as a supervisor to entice Plaintiff into believing that she was eligible to advance to a supervisor position with his

1    help. Sidney stated to Plaintiff that if she would concede to his sexual advances, then he would

2    help her with advancing her career "as a quid pro quo situation."

3  14. As Plaintiff continued to refuse Sidney's sexual advances, Sidney's inappropriate comments

4    intensified in frequency and directness. For example, on more than one occasion, Sidney

5    directly accosted Plaintiff and blurted out statements such as: "Let's have sex" and "What is

6    going to take for us to have sex?"

7  15. As a supervisor, Sidney used the power dynamic to pressure Plaintiff into a behavior that she

8    did not consent to. Sidney frequently invited Plaintiff to his home "to have sex." No matter

9    how many times Plaintiff declined his advances, Sidney did not stop his harassing behavior.

10  16. Plaintiff asserts that she made multiple efforts to clearly inform Sidney that she was not

11    romantically interested in him and that his sexual advances and inappropriate sexual comments

12    were making her extremely uncomfortable. Sidney's behavior then escalated to retaliatory

13    actions such as removing Plaintiff from the schedule after the schedule had been posted,

14    decreasing Plaintiff's work hours, and deleting direct messages to Plaintiff from other

15    employees on Chime (a work communication messenger used by SECURITAS) without

16    Plaintiff's consent.

17  17. Plaintiff asserts that Sidney knew that Plaintiff relied on working as many hours as possible to

18    financially take care of her household and knew that eliminating her work hours would hurt

19    her. Plaintiff relates a specific incident wherein she was at work during her scheduled overtime

20    shift. After Plaintiff worked for approximately two hours, Sidney arrived at Plaintiff's post

21    and informed her that she was not on the schedule. Even though Plaintiff was on the schedule,

22    upon Sidney's statement, Plaintiff had to go home. Mr. Mark Corbin, a fellow employee,

23    witnessed the occurrence and also recalls that Plaintiff was on the schedule that day.

24  18. Plaintiff states that Sidney sent inappropriate, flirtatious messages to Plaintiff during group

25    training sessions and then erased the messages at the conclusion of the training in order to

26    eliminate the paper trail of his inappropriate remarks.

27

28

**COMPLAINT FOR DAMAGES**

19. Sidney's behavior was the direct, underlying cause of the hostile work environment to which Plaintiff was exposed to while working as a Security Guard for SECURITAS. This circumstance of a hostile work environment and unwanted sexual advances began to cause a strain on Plaintiff's personal relationships with her fiancée and young daughter, affecting her home life as well as her professional career.

20. Defendant's harassment was so severe and pervasive that Plaintiff felt intimated, uncomfortable, and emotionally overwhelmed, which affected her work, her life outside of work, and her mental health.

21. Despite Plaintiff repeatedly asking Sidney to stop making inappropriate comments and sexually charged statements to her, Sidney continued with his sexual comments, causing Plaintiff to experience intense feelings of humiliation, low self-esteem anger, anxiety, and daily feelings of dread about going to work.

22. As a result, Plaintiff reported Sidney's harassing conduct to the Human Resources department and put SECURITAS on notice. Plaintiff asserts that, instead of taking actions to rectify the situation for Plaintiff, SECURITAS suspended Plaintiff from her work duties.

23. Upon information and belief, there was no corrective actions taken by SECURITAS, and to date, no corrective or remedial action has been made by SECURITAS. Due to the lack of oversight and correction by the Human Resources or the management of SECURITAS, Defendant(s) including Sidney felt empowered to display harassment and retaliation throughout the workplace.

24. In or around December 2021, Plaintiff was placed on a stress leave and has not been able to return to SECURITAS. Accordingly, SECURITAS constructively terminated Plaintiff's employment.

25. Plaintiff is currently experiencing symptoms of post-traumatic stress disorder, anxiety, and depression as a direct result of the sexual harassment perpetrated by her supervisor Sidney at SECURITAS. Additionally, Plaintiff reports that as a direct result of Sidney's unlawful conduct, she no longer is able to enjoy her previously fulfilling activities, such as spending

-5-

1     time with her family.    Currently, Plaintiff is seeking medical attention due to the

2     aforementioned workplace harassment and retaliation and will continue to require medical care

3     and therapy.

4   26. Plaintiff asserts that had Defendant properly assessed her concerns and prevented the harassing

5      and retaliating conduct she was subjected to, Plaintiff would not have been harassed to the

6      extent that she was, the harassing behavior in the workplace would have been immediately

7      acknowledged, her supervisor would have been disciplined, and corrective action would have

8      been taken.

9   27. In addition, during all relevant times herein mentioned, Plaintiff regularly worked in excess of

10     eight (8) hours per day and in excess of forty (40) hours per week.  However, Defendant failed

11     to pay Plaintiff overtime compensation for all hours worked in excess of eight (8) hours per

12     day.   In addition, Defendant never paid Plaintiff all overtime compensation for any hours

13     worked in excess of forty (40) hours per week.

14   28. Plaintiff worked without being provided a meal period of at least thirty (30) minutes per five

15     (5) hours worked and without compensation of one (1) hour of pay for each workday that a

16     meal period was not provided.  Plaintiff worked without being authorized or permitted to take

17     a rest period of at least ten (10) minutes per every four (4) hours worked and without

18     compensation of one (1) hour of pay for each workday that a rest period was not provided.

19     Plaintiff worked without receiving an accurate itemized wage statement that reflected regular

20     and overtime hours actually worked and meal and rest period premium payments.

21   29. Plaintiff properly and timely complied with the requirements of FEHA and exhausted her

22     administrative remedies against Defendant(s) prior to the filing of this civil action.   On

23     February 22, 2023, Plaintiff received her right-to-sue letter.  By a letter dated February 22,

24     2023, Plaintiff received a "Notice of Case Closure/Right-to-Sue" from the Department of Fair

25     and Employment and Housing (hereinafter referred to as the "DFEH") authorizing Plaintiff to

26     file a lawsuit in the Superior Court of the State of California, within one (1) year from the date

27     of that letter.  Attached hereto, as "Exhibit A," is a true and correct copy of the Right to Sue

28

Letter received from the DFEH. Plaintiff has therefore exhausted all of her administrative remedies necessary before filing a lawsuit. Plaintiff has therefore properly and timely filed this civil action.

30. Defendant(s) are business entities regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAKS

### (Against Defendant SECURITAS; and DOES 1-50, Inclusive)

31. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

32. Plaintiff was not provided meal periods as required by the California Labor Code §§ 226.7 and 512 and Industrial Welfare Commission Wage Orders.

33. Throughout the statutory period alleged herein, Plaintiff regularly worked for more than five (5) hours during a work period without being allowed to take the mandatory thirty (30) minute meal break before each five (5) hours as required by California law, and without being compensated for missed meal periods. *See Brinker Rest. Corp. vs. Superior Court* (2012) 53 Cal.4th 1004, 1040-1041 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so. ... [A] first meal period, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

34. Defendant(s) discouraged, dissuaded, impeded, and/or failed to provide Plaintiff with uninterrupted meal periods of not less than thirty (30) minutes as required by the Labor Code and failed to provide one (1) hour of premium pay for each day they failed to provide a meal period.

35. The working conditions and work schedules at Defendant's employment location deprived Plaintiff a meaningful opportunity to take the meal breaks required by California law. Plaintiff was consistently interrupted during her meal and rest period(s).

36. Defendant(s) required Plaintiff, as a condition of maintaining her employment with Defendant, to regularly work through her meal periods, and Plaintiff was given little to no appropriate time to take such breaks. Such conditions not only caused Plaintiff to suffer heightened levels of stress and anxiety, but also attributed to physical abrasions that continue to this day.

37. As a result of Defendant's above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS**

**(Against Defendant SECURITAS; and DOES 1-50, Inclusive)**

38. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

39. Plaintiff was not authorized or permitted to take a full, uninterrupted ten (10) minute rest period for every four (4) hours worked. Essentially, Plaintiff remained on duty or was called back into duty to work before the end of her ten (10) minute rest breaks. *See Brinker*, 53 Cal.4th at 1029 ("Employees are entitled to 10 minutes' rest for shift from three and one-half to six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on."). As a result, Plaintiff was always on duty, subject to her employer's control, even when she was on her purported "breaks," which in any event were often less than ten (10) minutes or not permitted at all.

40. Plaintiff was not paid the required premium pay for days in which she worked at least three (3) and one-half hours and was not authorized or permitted to take a full, uninterrupted ten (10) minute rest break for every four (4) hours of work or major fraction thereof. Such practices occurred throughout Plaintiff's employment with Defendant.

41. As a result of Defendant's above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES

### (Against Defendant SECURITAS; and DOES 1-50, Inclusive)

42. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

43. Cal. Lab. Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

44. "[A]n employer is not entitled to a setoff of debts owing it by an employee against any wages due that employee." *Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 6.

45. Defendant was required to pay Plaintiff for all hours worked, meaning the time during which an employee is subject to the control of an employer. Accordingly, Plaintiff was under the direct control of Defendant's regulations and management throughout her working day. More so, throughout Plaintiff's employment with Defendant, Defendant routinely contacted Plaintiff regarding work-related duties and tasks, all the while Plaintiff was off her working shift and away from Defendant's place of business. Consequently, Plaintiff was not provided with just compensation for the time in which Defendant made such communications.

46. Defendant's practice of failing to pay Plaintiff for her labor is unlawful and creates an entitlement, pursuant to Cal. Lab. Code § 218.5, to recovery of the unpaid balance of the full amount of the straight time compensation owing.

### FOURTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME

### (Against Defendant SECURITAS; and DOES 1-50, Inclusive)

47. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

-9-

48. Throughout the statutory period alleged herein, Plaintiff regularly worked an excess of eight (8) hours per workday and an excess of forty (40) hours per workweek. However, SECURITAS failed to pay Plaintiff all overtime compensation for all hours worked an excess of eight (8) hours per workday. Additionally, SECURITAS failed to pay Plaintiff all overtime compensation for all hours worked an excess of forty (40) hours per workweek. On a regular basis, and occurring throughout her employment with SECURITAS, Plaintiff would be required and mandated by SECURITAS to complete tasks/duties after clocking out of her working shift.

49. Plaintiff regularly worked in excess of eight (8) hours per workday and/or forty (40) hours per workweek without receiving all overtime compensation owed.

50. Cal. Lab. Code § 510 and the applicable Industrial Welfare Commission Wage Order 4-2001 and 17-2001 require that all workers be compensated for all hours worked, including overtime premium pay for overtime hours worked. Cal. Lab. Code § 510; 8 Cal. Code Regs. § 11040(3)(A). Workers must be paid regular wages for hours worked and overtime premium pay in the amount of one and one-half (1½) times each employee's regular rate of pay for any work in excess of eight (8) hours in one working day. *Id.*

51. Workers must also be paid double-time premium pay in the amount of double each employee's regular rate of pay, for any work in excess of twelve (12) hours in one day and any work in excess of eight (8) hours on any seventh day of a workweek. *Id.*

52. Defendant failed to provide Plaintiff with the correct and accurate compensation that is owed. Plaintiff was required to work throughout various and extensive hours of work but was not accorded appropriate overtime compensation by SECURITAS. At times during Plaintiff's employment, Plaintiff would be required to work throughout extensive hours without being accorded appropriate overtime compensation by SECURITAS. By failing to pay all overtime compensation owed to Plaintiff, Defendant violated Cal. Lab. Code §§ 204, 510, and 1194 and the applicable Wage Order 4-2001 and 17-2001.

**COMPLAINT FOR DAMAGES**

53. As a result of Defendant's above-referenced wrongful conduct, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs, under Cal. Lab. Code § 1194.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### (Against Defendant SECURITAS; and DOES 1-50, Inclusive)

54. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

55. Cal. Lab. Code § 226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) total hours worked by each respective individual; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the name of the employee and an employee identification or social security number; and (8) the name and address of the legal entity that is the employer.

56. As a pattern and practice, in violation of Cal. Lab. Code § 226(a), Defendant failed to furnish Plaintiff with accurate, itemized wage statements containing all information required by the Labor Code. Further, Plaintiff was not furnished accurate, itemized wage statements that clearly and specifically identified all overtime hours Plaintiff worked and premiums paid for uninterrupted rest periods Plaintiff did not receive. Among other harms, Plaintiff has suffered from Defendant's inadequate wage statements because Plaintiff was not able to learn, amongst other inaccuracies, that she was entitled to meal or rest period premiums and all overtime compensation.

57. Cal. Lab. Code §§ 226, 1174, and 1174.5 and the applicable Wage Order mandate an employer to keep accurate records, including the number of hours worked, rate of pay for each hour, and total wages owed. It is an offense for an employer to fail to keep track of the hours their employees' work. Cal. Lab. Code § 215.

58. To the extent that Defendant made any payments for rest period premiums and all overtime compensation owed for such hours worked, these sums were not identified as such on Plaintiff's itemized wage statements. The failure to include meal and rest period premiums and all owed overtime compensation on Plaintiff's wage statements constitutes inaccurate record keeping and confuses Plaintiff, who would have learned about her right to receive meal and rest period premiums and all overtime compensation that she was owed, if those premiums and items were identified as such on her wage statements.

59. Defendant knowingly and intentionally failed to comply with Cal. Lab. Code § 226(a) on a number of wage statements provided to Plaintiff.

60. As a result of Defendant's above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200-17208**

**(Against Defendant SECURITAS; and DOES 1-50, Inclusive)**

61. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

62. The California Business and Professions Code §§ 17200, *et seq.* prohibit acts of unfair competition, which includes any "unlawful and unfair business practices." It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

63. Through the conduct alleged herein, Defendant acted contrary to these public policies and engaged in unlawful and/or unfair business practices in violation of the Business & Professions Code §§ 17200, *et seq.*, depriving Plaintiff her rights, benefits, and privileges guaranteed to all employees under California law.

**COMPLAINT FOR DAMAGES**

64. Additionally, throughout Plaintiff's employment with Defendant, Defendant had committed unlawful, unfair, and/or fraudulent business acts and practices as defined and in violation of the Business & Professions Code §§ 17200, *et seq.* by committing the above-mentioned acts of harassment and retaliation against Plaintiff; failing to pay all owed overtime wages; failing to provide uninterrupted meal and rest breaks; failing to pay premiums for such rest break violations; failing to pay wages due at the time of separation; failing to furnish timely and accurate wage statements; failing to remit gratuities; and/or failing to reimburse business expenses, all in violation of California law.

65. By engaging in these business practices, which are unfair business practices within the meaning of the Business & Professions Code §§ 17200, *et seq.*, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiff. Defendant must disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to § 17203 of the California Business & Professions Code.

**SEVENTH CAUSE OF ACTION**

**SEXUAL HARASSMENT**

**IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

**(Against Defendant SECURITAS; and DOES 1-50, Inclusive)**

66. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

67. "[A]n employer is strictly liable for all acts of sexual harassment by a supervisor." *State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1042.

68. "When the workplace is permeated with discriminatory intimidation, ridicule and insult that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' the law is violated." *Kelly-Zurian v. Wohl Shoe Co.* (1994) 22 Cal.App.4th 397, 409.

**COMPLAINT FOR DAMAGES**

69. At all relevant times mentioned herein, Cal. Gov't. Code § 12940(a) prohibits employers, such as SECURITAS, from discriminating against its employees in compensation, or in terms, conditions, or privileges of employment on the basis of sex and/or gender.

70. Defendants' actions and inactions towards Plaintiff, as described herein, created a hostile, and sexually inappropriate working environment which materially altered Plaintiff's working conditions and which constitutes sexual harassment, in violation of Cal. Gov't. Code § 12940 (j)(1). As stated hereinabove, Plaintiff was sexually harassed, attacked, and made to suffer extraordinarily severe and pervasive acts by her supervisor Sidney. More so, after making her complaints known and seeking and/or pleading for relief on more than one occurrence, Defendant(s) proceeded to disregard any attempts to prevent the harassment from occurring.

71. As mentioned hereinabove, such actions, all surmount to severe and pervasive harassing conduct, that have and continue to humiliate, degrade, and injure Plaintiff.

72. Plaintiff is informed, believes, and thereon alleges that a reasonable woman in a similar and/or direct circumstance as Plaintiff would have considered the work environment to be hostile or abusive. Additionally, Plaintiff did, in fact and subjectively, consider Defendant's working environment to be hostile and abusive.

73. Plaintiff is informed, believes, and thereon alleges that Defendants engaged in the aforementioned misconduct and SECURITAS, by and through its managerial agents, including but not limited to Sidney, knew or should have known of Sidney's conduct, and failed to take any immediate or appropriate corrective action. To that extent, no investigations, interviews, or further conversations were held with Plaintiff regarding the aforementioned sexual attacks.

74. As a direct, foreseeable, legal, and proximate result of Defendant's sexually harassing acts and/or failure to provide a safe working environment for Plaintiff, carried forth by and through its managing employees, including but not limited to Sidney, Plaintiff has suffered and continues to suffer substantial losses in benefits and other compensation, as well as mental and emotional distress and discomfort, all to her damage, in an amount which will be proven at trial.

75. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and/or embarrassment, all to Plaintiff's damage, in an amount to be proven at the time of trial.

76. As such, Defendants acted in a willful and intentional manner and the aforementioned conduct, as herein described, was despicable, malicious, and outrageous in that it had caused Plaintiff to needlessly suffer cruel and unjust hardship. As such, Defendants are liable for punitive damages under Cal. Civ. Code § 3294, arising from the sexual harassment Plaintiff was subjected to, as defined and pursuant to Cal. Gov't. Code §§ 12926 and 12940(j)(1). At all times relevant, said harassment against Plaintiff was fraudulent, malicious, and oppressive, as defined by Cal. Civ. Code § 3294.

77. In the event this court finds that SECURITAS is the true employer entity, then SECURITAS is liable for punitive damages under Cal. Civ. Code § 3294, for the discriminatory treatment against Plaintiff, in violation of Cal. Gov't. Code § 12940(a).

78. As a direct and legal result of Defendants' aforementioned misconduct, Plaintiff has lost and may continue to lose earnings and other employment benefits, and has suffered and or will suffer other actual, consequential, and incidental financial losses, in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Cal. Civ. Code §§ 3287 and 3288 and/or any other provision of law providing for prejudgment interest.

79. As a direct and legal result of Defendants' aforementioned misconduct, Plaintiff has become mentally upset, severely emotionally distressed, frustrated, depressed, embarrassed, fragile, and/or humiliated. Plaintiff claims non-economic or general damages for such mental and emotional distress and aggravation, in a sum in excess of the jurisdictional minimum of this Court.

80. As a further direct, foreseeable, legal, and proximate result of Defendants' acts, as herein alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees,

expenses, and costs, entitling her to reimbursement of the same, pursuant to Cal. Gov't. Code § 12965(b), in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### RETALIATION

### IN THE VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### (Against Defendant SECURITAS; and DOES 1-50, Inclusive)

81. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

82. At all times relevant, Plaintiff was engaged in an employee-employer relationship with SECURITAS.

83. At all relevant times mentioned, Plaintiff insisted on attending her usual employment under protections afforded to her pursuant to Cal. Gov't. Code § 12900, *et seq.* Accordingly, Plaintiff was engaged in a protective activity by asserting her legal rights to a workplace free from discrimination and harassment.

84. Plaintiff's employment was reduced by Defendant in retaliation for Plaintiff's assertion of her rights and opposition of the aforementioned harassing conduct, under Cal. Gov't. Code § 12900, *et seq.* This includes but is not limited to Plaintiff's opposition regarding Sidney's sexually harassing conduct that Plaintiff was subjected to, and upon Defendant outright dismissing Plaintiff's assertions and her complaints regarding Sidney's continued sexual harassment. In both instances, Plaintiff was made to continue working under such deplorable working conditions and was subjected to further harm.

85. Cal. Gov't. Code § 12940(h) provides that it is an unlawful employment practice "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

COMPLAINT FOR DAMAGES

86. "To establish a prima facie case of retaliation, 'the plaintiff must show that [he] engaged in a protected activity, [his] employer subjected [him] to adverse employment action, and there is a causal link between the protected activity and the employer's action.'" *Iwekaogwu v. City of Los Angeles* (1999) 75 Cal.App.4th 803, 814, quoting *Flait v. North American Watch Corp.* (1992) 3 Cal.App.4th 467, 476.

   a. **Protected Activity;**

      i.   In general, under a FEHA claim for retaliation, to constitute a "protected activity," an employee must *complain* or *oppose* a practice which is forbidden by the FEHA. Courts have held that "protected activity" includes complaints or oppositions to conduct that the employee "reasonably" and in "good faith" believes to be unlawful, even if the conduct is not actually prohibited under the FEHA.

      ii.   In the instant case, Plaintiff engaged in a protected activity by, amongst other instances, opposing and directly complaining to Sidney regarding his sexual harassment that Plaintiff was subjected to. Additionally, as Sidney refused to stop, Plaintiff lodged her complaint to the Human Resources department. However, SECURITAS yet again failed to administer any proper relief or provide a safe working environment for Plaintiff. Plaintiff's such actions constituted a protected activity under the FEHA. As such, Plaintiff made SECURITAS aware and complained of the harassing conduct she was subjected to by Sidney.

   b. **Adverse Employment Action;**

      i.   An adverse employment action is any "adverse treatment that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion." *Yanowitz v. L. 'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1054-1055.

      ii.   Because Plaintiff exercised her aforementioned rights, Plaintiff was subjected to adverse employment action(s) by SECURITAS, when, amongst other acts of misconduct, Sidney removed Plaintiff from the work schedule after the schedule had been posted, decreased her work hours, and deleted direct messages to her from other

-17-

1    employees on Chime messenger without her consent, and also when SECURITAS

2    suspended Plaintiff from her job duties.

3    iii.    As a result, Plaintiff suffered economic damages and severe emotional anxiety and

4    stress.  Based upon the facts mentioned hereinafter, and Defendants' ill intent and

5    treatment, Plaintiff suffered an adverse employment action(s).

6    **c. Causal Link Between Protected Activity and Adverse Employment Action;**

7    i.    "The causal link may be established by an inference derived from circumstantial

8    evidence, 'such as the employer's knowledge that the [employee] engaged in protected

9    activities and the proximity in time between the protected action and allegedly

10   retaliatory employment decision.'" *Fisher v. San Pedro Peninsula Hospital* (1989) 214

11   Cal.App.3d 590, 614-615.

12   ii.    Plaintiff's assertion of her rights under Cal. Gov't. Code § 12900, *et seq.* was a

13   motivating reason for SECURITAS' decision to retaliate against Plaintiff by subjecting

14   Plaintiff to the aforementioned egregious working condition(s) and actions.

15   iii.    SECURITAS' conduct was a substantial factor in causing harm to Plaintiff, as

16   described previously in this Complaint.

17   iv.    Additionally, SECURITAS, by and through its managing agents, knew of the harassing

18   and discriminatory conduct Plaintiff was subjected to, occurring at SECURITAS' place

19   of business.

20   v.    SECURITAS, by and through its managing agents, intentionally retaliated against

21   Plaintiff.  SECURITAS' ill intent to create a hostile work environment and retaliate

22   against Plaintiff, all surmount to an inference that SECURITAS retaliated against

23   Plaintiff for asserting her rights under Cal. Gov't. Code § 12900, *et seq.*

24   87. Plaintiff suffered general damages, as she was financially and psychologically injured.  Such

25   injuries have caused and continue to cause Plaintiff great mental and physical pain and

26   suffering, and loss of enjoyment, in an amount in excess of this Court's minimal jurisdiction.

27

28

1     The exact amount of such expenses and losses are presently unknown, and Plaintiff will seek

2     leave of this Court to amend this Complaint to set forth the exact amount when it is ascertained.

3   88. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been and, for

4     a period of time in the future, may possibly be required to employ physicians and incur

5     additional medical and incidental expenses. Plaintiff has suffered and will continue to suffer

6     from emotional injuries including, but not limited to anxiety, discomfort, nervousness and

7     depression. The exact amount of such expenses is presently unknown, and Plaintiff will seek

8     leave of Court to amend this Complaint to set forth the exact amount when it has been

9     ascertained.

10   89. Plaintiff is informed and believes that Defendant's actions were undertaken with prior approval

11     and consent of members of SECURITAS management team and/or agent(s) and were

12     subsequently ratified by them as well.

13   90. Defendant's conduct was a substantial factor in causing harm to Plaintiff, as described

14     previously in this Complaint.

15   91. As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered

16     and continues to suffer losses in earnings and other benefits. The exact amount of such

17     expenses and losses are presently unknown, and Plaintiff will seek leave of this Court to amend

18     this Complaint to set forth the exact amount when it is ascertained.

19   92. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered general

20     damages, as she was psychologically and emotionally injured. Such injuries have caused and

21     continue to cause Plaintiff great mental pain and suffering, depression, and loss of enjoyment,

22     in an amount in excess of this Court's minimal jurisdiction. The exact amount of such expenses

23     is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set

24     forth the exact amount when it has been ascertained.

25   93. Plaintiff is informed and believes that Defendant acted with malice and oppression, as the

26     tortious acts were carried out with full knowledge of the extreme risk of injury involved, and

27     with willful and conscious disregard for Plaintiff's rights. Additionally, Defendant acted with

28

1  fraud, as Defendant willfully concealed the fact that Plaintiff's employment rights were being

2  violated, with the intent to deprive Plaintiff of her employment rights.

3  94. Accordingly, an award of punitive damages is warranted.

### NINTH CAUSE OF ACTION

### FAILURE TO PREVENT RETALIATION, DISCRIMINATION, AND/OR

### HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

### (Against Defendant SECURITAS; and DOES 1-50, Inclusive)

8  95. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this

9  Complaint as though fully set forth at this point.

10  96. At all times herein mentioned, the FEHA was in full force and effect, and was binding on

11  Defendant.  Cal. Gov't. Code § 12940(k) states that it is an unlawful employment practice in

12  California for an employer "to fail to take all reasonable steps to prevent discrimination and

13  harassment from occurring."

14  97. During the course and scope of Plaintiff's employment with Defendant, Defendant failed to

15  prevent the harassing conduct and deplorable attack(s) that Plaintiff was subjected to based on

16  Plaintiff's protected class of her sex and/or gender as a woman, and for lodging her complaints

17  and oppositions regarding the abovementioned unlawful employment practice(s).  More so,

18  Defendant failed to exercise reasonable care to prevent Sidney from creating an environment

19  within which Plaintiff was subjected to the aforementioned sexual harassment and retaliatory

20  conduct, all occurring at Defendant's place of business.

21  98. Further, instead of providing a safe working environment for Plaintiff, Defendant proceeded

22  to, amongst other deplorable acts, suspend Plaintiff from her work duties and made Plaintiff

23  feel that her employment was in jeopardy.

24  99. As a direct and legal result of Defendant's aforementioned misconduct, Plaintiff has lost and

25  will continue to lose earnings and other employment benefits and has suffered and/or will suffer

26  other actual, consequential, and incidental financial losses, in an amount to be proven at the

27  time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest

28

**COMPLAINT FOR DAMAGES**

1  pursuant to Cal. Civ. Code §§ 3287 and 3288 and/or any other provision of law providing for

2  prejudgment interest.

3  100.   As a direct and legal result of Defendant's aforementioned misconduct, Plaintiff has

4  become mentally upset, severely emotionally distressed, frustrated, depressed, embarrassed,

5  fragile, humiliated, and/or aggravated.  Plaintiff claims non-economic or general damages for

6  such mental and emotional distress and aggravation, in a sum an excess of the jurisdictional

7  minimum of this Court.

8  101.   As a further direct, foreseeable, legal, and proximate result of Defendant's acts, as herein

9  alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees,

10  expenses, and costs, entitling her to reimbursement of the same, pursuant to Cal. Gov't. Code

11  § 12965(b), in an amount to be proven at trial.

12  102.   As such, Defendant acted in a willful and intentional manner and its conduct, as herein

13  described, was and continues to be despicable, malicious, and outrageous in that it had caused

14  Plaintiff to needlessly suffer cruel and unjust hardship.  As such, Defendant is liable for

15  punitive damages under Cal. Civ. Code § 3294, arising from the discriminatory, retaliatory,

16  and/or harassing conduct Plaintiff was subjected to.  At all relevant times, said misconduct

17  against Plaintiff was fraudulent, malicious, and oppressive, as defined by Cal. Civ. Code §

18  3294.

19  ### TENTH CAUSE OF ACTION

20  ### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

21  **(Against Defendant SECURITAS; and DOES 1-50, Inclusive)**

22  103.   Plaintiff restates and incorporates by this reference each and every preceding paragraph in

23  this Complaint as though fully set forth at this point.

24  104.   At all relevant times to this action, SECURITAS and Plaintiff were in an employer-

25  employee relationship.

26  105.   SECURITAS unlawfully discriminated against Plaintiff, in violation of Cal. Gov't. Code §

27  12940(k), by causing Plaintiff's employment to be wrongfully terminated due to Plaintiff's

28

**COMPLAINT FOR DAMAGES**

1   complaints of harassment based upon the aforementioned instances of sexual harassment

2   perpetrated by Defendants.

3   106.   "[T]he public policy of this State is declared as follows: [I]t is necessary that the individual

4   workman have full freedom of association ... to negotiate the terms and conditions of his

5   employment, and that he shall be free from the interference, restraint, or coercion of employers

6   of labor, or their agents, in ... concerted activities for the purpose of ... mutual aid or protection

7   ... The very purpose of the statute is to protect employees who want to discuss some aspect of

8   their compensation, for example, a possible increase in pay, perceived disparities in pay, or the

9   awarding of bonuses." *Grant-Burton v. Covenant Care, Inc.* (2002) Cal.App.4th 1361, 1374,

10  1376-1377.

11  107.   California courts consistently recognize a fundamental public policy protecting an

12  employee's right to protest compensation issues. *Id.* at 1377 (employees may sue for wrongful

13  discharge involving a bonus, as "a bonus comes within the definition of 'wage'"); *Phillips v.*

14  *Gemini Moving Specialties* (1998) 63 Cal.App.4th 563 (employee may sue for wrongful

15  discharge on the basis of retaliatory firing for disputing wage deductions); *Gould v. Maryland*

16  *Sound Industries* (1995) 31 Cal.App.4th 1137 (employee may sue for wrongful discharge on

17  the basis of retaliatory firing for disputing overtime and other wages due).

18  108.   As a direct and proximate result of SECURITAS' actions, Plaintiff has suffered and

19  continues to suffer losses in earnings and other benefits, and may, for a period of time in the

20  future, be unable to obtain gainful/comparable employment, as her ability to obtain such

21  employment and earning capacity have been diminished. The exact amount of such expenses

22  and losses are presently unknown, and Plaintiff will seek leave of Court to amend this

23  Complaint to set forth the exact amount when it is ascertained.

24  109.   As a direct and proximate result of SECURITAS's conduct, Plaintiff suffered general

25  damages, as she was psychologically and emotionally injured. Such injuries have caused and

26  continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment,

27  in an amount in excess of this Court's minimal jurisdiction.

28

110.    Plaintiff is informed and believes that SECURITAS acted with malice and oppression, as their tortious acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. SECURITAS also acted with fraud, as SECURITAS willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of her employment benefits. Accordingly, an award of punitive damages is warranted.

111.    Under *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1426 (*see also Tameny v. Atl. Richfield Co.* (1980) 27 Cal.3d 167, 172), it is well-established that in order to state a claim for wrongful termination in violation of public policy, Plaintiff must establish the following six (6) elements:

**(1) An employer-employee relationship;**

112.    Plaintiff was undoubtedly an employee of SECURITAS.

**(2) An adverse employment action;**

113.    Plaintiff had to endure the conduct mentioned hereinabove because SECURITAS caused Plaintiff's employment to be wrongfully terminated, in view of the fact of SECURITAS' aforementioned harassing and retaliatory conduct, of which Plaintiff was subjected to. Instead of providing Plaintiff with any form of relief or resolution and/or a work environment free from the above-mentioned unlawful acts, SECURITAS retaliated against Plaintiff by: severely and pervasively harassing Plaintiff; ignoring Plaintiff's reports of sexual harassment; removing Plaintiff from work schedule; reducing Plaintiff's work hours; creating a hostile working environment against Plaintiff; and constructively terminating her employment in or around December 2021. Through various and numerous attempts, SECURITAS pursued, through wrongful and unjustly means, to wrongfully terminate Plaintiff's employment.

**(3) An applicable fundamental public policy;**

114.    Plaintiff's wrongful employment termination was in violation of this State's public policy in protecting employees against discriminatory and harassing conduct. This is evidenced by the FEHA, Cal. Gov't. Code § 12900, et seq., which evinces a policy that benefits society at

1  large, was well-established at the time of Plaintiff's discharge, and is substantial and
2  fundamental. Therefore, at the time of Plaintiff's wrongful employment termination, there was
3  an applicable public policy.

4  **(4) The alleged termination was in violation of a public policy;**

5  115.    Plaintiff had to endure the conduct mentioned hereinabove because of her sex and/or gender
6  as a woman and her assertion of her employment rights.  The FEHA prohibits **harassment** in
7  a person's employment because of his or her race, color, ethnicity, national origin, ancestry,
8  religion, **sex, gender,** gender identity, gender expression, sexual orientation, marital status,
9  mental and physical disability, medical condition, age, pregnancy, and/or denial of medical and
10  family care leave or pregnancy disability leave, and it also prohibits **retaliation for protesting**
11  **illegal discrimination related to one of these categories,** or for reporting patient abuse in tax
12  supported institutions.  Cal. Gov't. Code §§ 12940, 12945, and 12945.2.  Here, Plaintiff was
13  subjected to sexual harassment and retaliation with the purpose of wrongfully terminating
14  Plaintiff's employment.

15  116.    After Plaintiff complained to SECURITAS of the aforementioned wrongful conduct,
16  SECURITAS retaliated against Plaintiff by: severely and pervasively harassing Plaintiff;
17  ignoring Plaintiff's reports of sexual harassment; removing Plaintiff from work schedule;
18  reducing Plaintiff's work hours; creating a hostile working environment against Plaintiff; and
19  constructively terminating her employment in or around December 2021.

20  **(5) The termination was a legal cause of Plaintiff's damages;**

21  117.    As a result of SECURITAS' above-referenced wrongful conduct, Plaintiff has suffered and
22  continues to suffer general, consequential, and special damages, including but not limited to:
23  substantial losses in earnings, other employment benefits, emotional injuries, as well as
24  emotional distress, plus attorneys' fees, all to her damage in an amount according to proof.

25  **(6) The nature and extent of Plaintiff's damages.**

26  118.    Plaintiff's damages include but are not not limited to: heightened levels of stress, anxiety,
27  hypertension, headaches, emotional distress, chronic episodes of depression, nervousness,
28

1    unpaid compensation, and loss of wages due to unemployment. Plaintiff continues to suffer

2    these damages to the present.

3    119.    Plaintiff's last day of employment was in or around December 2021. Plaintiff had been

4    unemployed for a period of time and continues to suffer economic damages as a result of the

5    wrongful termination. Plaintiff's further damages will be proven at the time of trial.

6    120.    SECURITAS intentionally harassed and retaliated against Plaintiff and created an

7    emotionally stressful hostile working environment, even after Plaintiff made several attempts

8    to rectify such issues with management. In doing so, SECURITAS acted maliciously,

9    fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff with an evil

10    and sinister purpose and/or conscious disregard for Plaintiff's rights. Based on the foregoing,

11    Plaintiff is entitled to punitive damages in an amount according to proof.

12    / / /

13    / / /

14    / / /

15    / / /

16    / / /

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for this Court to grant the following relief against Defendant(s):

1.  For damages according to proof, including loss of past and future earnings, unpaid overtime compensation, meal and rest period premiums, and other employment benefits;

2.  For interest on the amount of losses incurred, including loss of past and future earnings, unpaid overtime compensation, meal and rest period premiums, and/or other employee benefits;

3.  For prejudgment interest on lost wages, unpaid overtime compensation, meal and rest period premiums, and/or other employment benefits;

4.  For general damages according to proof with interest thereon;

5.  For special damages according to proof with interest thereon;

6.  For punitive damages according to proof with interest thereon;

7.  For penalty pursuant to Labor Code § 203 for Plaintiff's daily wage times thirty (30) days;

8.  That Defendant(s) be found to have engaged in unfair competition in violation of §§ 17200, *et seq.*, of the California Business and Professions Code;

9.  That Defendant(s) be ordered and enjoined to make restitution to Plaintiff due to Defendants' unfair competition, including disgorgement of its wrongfully-withheld wages, penalties and/or penalty wages, pursuant to the California Business and Professions Code §§ 17202, 17203, and 17204;

10. That Defendant(s) be enjoined from continuing the illegal course of conduct, alleged herein;

11. That Defendant(s) further be enjoined to cease and desist from unfair competition in violation of §§ 17200, *et seq.* of the California Business and Professions Code;

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

1    12.   For attorneys' fees pursuant to the California Labor Code §§ 1194, 218.5, 226 (and under

2          all other applicable statutes), interests and costs of suit; and

3    13.   For such other and further relief as the Court deems just and proper.

4

5    DATED: February 24, 2023                    **ANGEL CITY LAW, PC**

6

7

8                                   By:  _____
                                         Rick Martin, Esq.
9                                        Ji-Su Park, Esq.

10                                       *Attorneys for Plaintiff*
                                         ASHLEY WILLIAMS
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-27-

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims so triable.

DATED: February 24, 2023

**ANGEL CITY LAW, PC**

By: _____

Rick Martin, Esq.
Ji-Su Park, Esq.

*Attorneys for Plaintiff*
ASHLEY WILLIAMS

-28-
**COMPLAINT FOR DAMAGES**

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 22, 2023

Rick Martin
645 W. 9th Street, Suite 110-259
Los Angeles, CA 90015

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202302-19762723
       Right to Sue: Williams / Securitas Security Services USA, INC.

Dear Rick Martin:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 22, 2023

RE:    **Notice of Filing of Discrimination Complaint**
       CRD Matter Number: 202302-19762723
       Right to Sue: Williams / Securitas Security Services USA, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD)) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to CRD is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

February 22, 2023

Ashley Williams

,

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202302-19762723
Right to Sue: Williams / Securitas Security Services USA, INC.

Dear Ashley Williams:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 22, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 12/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
CRD Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Civil Rights Department

1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

2

3

4

**In the Matter of the Complaint of**

5     Ashley Williams                                        CRD No. 202302-19762723

6                              Complainant,

7     vs.

8     Securitas Security Services USA, INC.

9                              Respondents

10

11     _____

12     **1.** Respondent **Securitas Security Services USA, INC.** is an **employer** subject to suit under
13     the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15     **2.** Complainant **Ashley Williams**, resides in the City of , State of .

16

17     **3.** Complainant alleges that on or about **December 31, 2021**, respondent took the
       following adverse actions:

18     **Complainant was harassed** because of complainant's sex/gender, sexual harassment-
19     hostile environment, sexual harassment- quid pro quo.

20     **Complainant was discriminated against** because of complainant's sex/gender, sexual
       harassment- hostile environment, sexual harassment- quid pro quo and as a result of the
21     discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded,
       suspended, asked impermissible non-job-related questions, denied any employment benefit
22     or privilege, denied work opportunities or assignments.

23     **Complainant experienced retaliation** because complainant reported or resisted any form
       of discrimination or harassment and as a result was terminated, laid off, forced to quit,
24     denied hire or promotion, reprimanded, suspended, asked impermissible non-job-related
       questions, denied any employment benefit or privilege, denied work opportunities or
25     assignments.

26                                        -1-
                          *Complaint – CRD No. 202302-19762723*

27     Date Filed: February 22, 2023

28

CRD-ENF 80 RS (Revised 12/22)

1
2 **Additional Complaint Details:**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Complaint – CRD No. 202302-19762723*

Date Filed: February 22, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Rick Martin**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On February 22, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-3-
*Complaint – CRD No. 202302-19762723*

Date Filed: February 22, 2023

CRD-ENF 80 RS (Revised 12/22)